**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JUAN CASTRO DONATO,
Administrator and Personal
Representative for the ESTATE OF
JOHNNY CASTRO ALICEA,

       Plaintiff,

                          Case No. 8:24-cv-01061-SDM-CPT

v.

DEPUTY MARIA TORRES, individually,
and GRADY JUDD, SHERIFF,
POLK COUNTY, FLORIDA,
in his official capacity,

       Defendants.

_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendants', DEPUTY MARIA TORRES and GRADY JUDD, Sheriff of Polk

County, Florida, in his official capacity, by and through thier undersigned attorneys,

answer Plaintiff's Third Amended Complaint. (Doc. 25).

The factual allegations in the "Introduction" are denied.

**PARTIES, JURSDICTION, AND VENUE**

1.     Without knowledge and therefore denied.

2.     Without knowledge and therefore denied.

3.     Admitted that Grady Judd is the Sheriff of Polk County, Florida, not of the

City of Davenport. The remaining allegations are denied.

4. Admitted.

5. Without knowledge and therefore denied.

6. Without knowledge and therefore denied.

7. Without knowledge and therefore denied.

8. Without knowledge and therefore denied.

9. Without knowledge and therefore denied.

10. Without knowledge and therefore denied.

11. Without knowledge and therefore denied.

12. Without knowledge and therefore denied.

13. Without knowledge and therefore denied.

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19. Without knowledge and therefore denied.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

22. Without knowledge and therefore denied.

23. Without knowledge and therefore denied.

24. Without knowledge and therefore denied.

25. Without knowledge and therefore denied.

26. Without knowledge and therefore denied.

27. Without knowledge and therefore denied.

28. Without knowledge and therefore denied.

29. Without knowledge and therefore denied.

30. Without knowledge and therefore denied.

31. Without knowledge and therefore denied.

32. Without knowledge and therefore denied.

33. Without knowledge and therefore denied.

34. Without knowledge and therefore denied.

35. Without knowledge and therefore denied.

36. Without knowledge and therefore denied.

37. Denied.

## <u>COUNT ONE</u>
### Wrongful Death in violation of Florida Statutes §§ 768.16-768.26
### (Defendant Grady Judd -Sheriff)

38. Defendant realleges its answers to paragraphs 1-37.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

{01415459-1 }                                          3

43.    Denied.

44.    Denied.

45.    Denied.

46.    Without knowledge and therefore denied.

47.    Denied.

48.    Without knowledge and therefore denied.

49.    Denied.

50.    Denied.

## COUNT TWO
### Wrongful Death in violation of Florida Statutes §§ 768.16-768.26
### (Defendant Maria Torres)

51.    Defendant realleges its answers to paragraphs 1-37.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

## COUNT THREE
### Violation of Fourth Amendment Protections-Excessive Force-Pursuant to 42 U.S.C. § 1983
### (Defendant Maria Torres)

62.    Defendant realleges its answers to paragraphs 1-37.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

The Prayer for Relief is denied in its entirety.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense: Qualified Immunity

Deputy Torres is entitled to qualified immunity because, at all times relevant herein, she was acting within the scope of her discretionary authority, and any allegedly wrongful act(s) did not violate clearly established law measured under an objective standard. Deputy Torres' actions were objectively reasonable under the circumstances presented and were implemented for lawful law enforcement and/or governmental purposes.

### Second Affirmative Defense: Sovereign Immunity

Defendant's liability is governed by Florida Statutes §768.28 including, but not limited to, all limits of monetary liability and all procedural requirements of notice and service. Furthermore, the acts complained of are discretionary, planning level functions which are not actionable under the sovereign immunity doctrine. Further, the dangerous instrumentality law does not apply here and is prohibited by the sovereign immunity doctrine.

### Third Affirmative Defense: Collateral Source

Plaintiff may not recover damages for the amounts that have been paid or are payable by a collateral source.

### Fourth Affirmative Defense: De Minimus Injury

The injuries suffered by Plaintiff that were caused by Deputy Torres' actions, if any, were de minimus and did not rise to the level of a constitutional violation.

Respectfully submitted on April 1, 2026.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 1, 2026, I served via email the foregoing document on all counsel of record.

**CAMPBELL TROHN TAMAYO & ARANDA**

/s/ *Jonathan B. Trohn*
**Jonathan B. Trohn**, *lead counsel*
Fla. Bar. No. 880558
j.trohn@cttalaw.com
1701 South Florida Avenue
Lakeland, Florida 33803
P.O. Box 2369
Lakeland, FL 33806-2369
(863) 686-0043 (phone)
(863) 616-1445 (facsimile)
*Attorney for Defendants*